```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
CIT BANK, N.A.,                                                  :
                                                                 :
                    Plaintiff,                                   :         REPORT AND
                                                                 :         RECOMMENDATION
            -against-                                            :
                                                                 :         17-CV-4654 (MKB)(PK)
                                                                 :
JOSE M. VASQUEZ A/K/A JOSE VASQUEZ,                              :
TOWN SUPERVISOR TOWN OF                                          :
HUNTINGTON,                                                      :
                                                                 :
                    Defendants.                                  :
---------------------------------------------------------------- X
```

**Peggy Kuo, United States Magistrate Judge:**

Plaintiff CIT Bank, N.A. ("Plaintiff"), a national banking association whose principal place of business is in California, brings this residential mortgage foreclosure action against Defendants Jose M. Vasquez, a/k/a Jose Vasquez ("Vasquez"), and the Town of Huntington[1] ("Huntington") (together, "Defendants"), both citizens of New York.

Before this Court on referral from the Honorable Margo K. Brodie is Plaintiff's Motion for Summary Judgment and Appointment of a Referee to Compute (the "Motion"). (Dkt. 33; *see* Order dated April 11, 2019.) For the reasons stated herein, the undersigned respectfully recommends that the Motion be granted.

## BACKGROUND

### I. Procedural History

Plaintiff initially filed the lawsuit on August 8, 2017, invoking diversity jurisdiction under 28 U.S.C. § 1332. (Compl., Dkt. 1, ¶¶ 7-9.) Plaintiff later filed an Amended Complaint to correct the date on which Plaintiff alleged the Mortgage and Note were executed. (*See* Minute Entry dated June

---

[1] Plaintiff names "Town Supervisor Town of Huntington" as a defendant, but in its Answer this defendant refers to itself as the "Town of Huntington." (*See* Dkt. 23.)

1

1, 2018; *compare* Dkt. 1, ¶¶ 12-13 *with* Am. Compl., Dkt. 21, ¶¶ 12-13.)  Vasquez answered the Complaint, but not the Amended Complaint.[2]  (Dkt. 11.)   Huntington answered only the Amended Complaint.  (Minute Entry dated June 1, 2018; Huntington's Answer, Dkt. 23.)  The parties waived discovery.  (Minute Entry dated June 1, 2018.)  Plaintiff filed the Motion on September 17, 2018.  (Dkt. 33.)  Huntington filed an Affirmation in Opposition to Plaintiff's Motion for Summary Judgment on October 17, 2018.  (Dkt. 34.)  Vasquez did not file an opposition.  Plaintiff filed its Reply Memorandum of Law in Further Support of Its Motion for Summary Judgment on October 31, 2018.  (Dkt. 36.)

## II. The Parties' Submissions

A party in this District moving for summary judgment pursuant to Federal Rule of Civil Procedure 56 is required to submit with its motion "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  Local Civ. R. 56.1(a).  The opposing party must then respond to each numbered paragraph with "additional material facts as to which it is contended that there exists a genuine issue to be tried."  Local Civ. R. 56.1(b).  Each party must cite to admissible evidence in the record supporting its assertions.  Local Civ. R. 56.1(d).  The facts in the moving party's statement "will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."  Local Civ. R. 56.1(c).  *See also Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003).

In the instant action, Plaintiff filed the required statement pursuant to Local Civil Rule 56.1(a) ("Pl. Rule 56.1 Stmt.") (Dkt. 33-10.)  Neither Defendant filed a statement pursuant to Local Civil Rule 56.1(b).  Indeed, Defendant Vasquez filed no opposition at all.  The undersigned

---

[2] Plaintiff did not seek a default judgment as a result of Vasquez's failure to answer the Amended Complaint.  Given that the Amended Complaint made only clerical corrections, the undersigned construes Vasquez's Answer as an Answer to the Amended Complaint.

therefore deems the facts supported by admissible evidence in Plaintiff's Rule 56.1 Statement admitted for the purpose of the Motion. *See Millus v. D'Angelo*, 224 F.3d 137, 138 (2d Cir. 2000); *Dittmer v. Cty. of Suffolk*, 188 F. Supp. 2d 286, 292 (E.D.N.Y. 2002). Such uncontroverted facts may form the basis for summary judgment. *See, e.g., 1st Bridge LLC v. William Lee Freeman Garden Apartments LLC*, No. 10-CV-3191 (JGK), 2011 WL 2020568, at *1 (S.D.N.Y. May 23, 2011).

### III. Facts

#### A. Execution of the Mortgage and Note

Vasquez executed a "Mortgage" (the "Mortgage") and "Fixed/Adjustable Rate Note" (the "Note") on May 10, 2007 on a residential property located at 163 First Avenue, Huntington Station, New York 11746 (the "Property"), in the principal amount of $288,000. (Pl. Rule 56.1 Stmt., Dkt. 33-10, ¶ 4; Affidavit of Tenisa Brooks ("Brooks Aff."), Dkt. 33-12, Exs. 1-2.) The lender was IndyMac Bank, FSB. Vasquez subsequently executed a "Home Affordable Modification Agreement" (the "Loan Modification") with Plaintiff (who had acquired the Mortgage and Note) effective as of August 1 2016, increasing his principal balance to $421,094.09. (Brooks Aff., ¶ 16; Ex. 9.) The Mortgage and the Loan Modification were recorded with the Suffolk County Clerk's office on May 24, 2007 and December 24, 2016, respectively. (Brooks Aff., ¶¶ 5, 16; Exs. 2; 9.)

#### B. Requirements Under the Mortgage and Note

The Note provides that if Vasquez fails to "pay the full amount of each monthly payment on the date it is due, [he] will be in default." (Brooks Aff., Ex. 1, ¶ 7(B), "Borrower's Failure to Pay as Required –Default.") In the event that Vasquez's default remains uncured for 30 days after written notice thereof, the Mortgage and Note allow Plaintiff to demand immediate payment of the entire principal balance and interest owed. (Brooks Aff., Ex. 1, ¶ 7(C), "Notice of Default"; Ex. 2, ¶ 22, "Lender's Rights if Borrower Fails to Keep Promises and Agreements.") If Vasquez defaults, the Mortgage and Note provide for Plaintiff to recover its reasonable costs and expenses, including

3

reasonable attorneys' fees, in enforcing the Mortgage and Note. (Brooks Aff., Ex. 1, ¶ 7(E), "Payment of Note Holder's Costs and Expenses"; Ex. 2, ¶ 22, "Lender's Rights if Borrower Fails to Keep Promises and Agreements.")

### C. Plaintiff's Ownership of the Mortgage and Note

On July 11, 2008, the Office of Thrift Supervision ("OTS") closed IndyMac Bank, FSB and appointed the Federal Deposit Insurance Corporation ("FDIC") as its receiver. (Pl. Rule 56.1 Stmt. ¶ 6; Brooks Aff., ¶ 7, Ex. 3.) OTS created a new entity, IndyMac Federal Bank, FSB, into which all of IndyMac Bank, FSB's assets were transferred. (*Id.*) FDIC later became Conservator and Receiver of IndyMac Federal Bank, FSB. (Brooks Aff., ¶ 7, Ex. 3.) On March 19, 2009, FDIC entered into a Loan Sale Agreement with OneWest Bank, FSB (the name under which Plaintiff then operated), whereby OneWest Bank, FSB acquired the Mortgage and Note. (Pl. Rule 56.1 Stmt., ¶ 7; Brooks Aff., ¶¶ 9-10; Ex. 4.)

A OneWest Bank, FSB employee with a Limited Power of Attorney executed two undated allonges attached to the Note, one of which endorses the Note as "Attorney-In-Fact" of FDIC, without recourse, to OneWest Bank, FSB. (Brooks Aff., Exs. 1, 6.) In the second allonge, the Note is endorsed without recourse, in blank. (Brooks Aff., ¶ 11, Ex. 5.; Pl. Rule 56.1 Stmt., ¶ 5.)

The assignment of the Mortgage and Note from IndyMac Bank, FSB (through its nominee, Mortgage Electronic Registration Systems, Inc., or "MERS") to OneWest Bank, FSB was recorded in the Suffolk County Clerk's office on March 26, 2012. (Brooks Aff., Ex. 6.) OneWest Bank, FSB changed its charter from a federal savings bank to a national association as of February 28, 2014, becoming "OneWest Bank N.A." (Pl. Rule 56.1 Stmt., ¶ 8; Brooks Aff., ¶ 14, Ex. 7.) CIT Group Inc. acquired the parent company of OneWest Bank N.A. on August 3, 2015. As a result, OneWest Bank N.A.'s name changed to Plaintiff's current name, CIT Bank, N.A. (Brooks Aff., ¶ 15, Ex. 8.)

4

### D. Vasquez's Default on the Mortgage and Note

Vasquez defaulted on the Mortgage and Note when he stopped making required monthly payments due on the first day of each month, beginning on January 1, 2017. (Pl. Rule 56.1 Stmt., ¶ 10; Brooks Aff., ¶ 17.) Vasquez has failed to make all subsequent payments. (Pl. Rule 56.1 Stmt., ¶¶ 10, 13; Brooks Aff., ¶ 22.) Plaintiff sent notices of default to Vasquez at the Property via first-class mail and certified mail on March 8, 2017, warning him that Plaintiff may accelerate the Mortgage and initiate foreclosure proceedings. (Pl. Rule 56.1 Stmt., ¶ 11; Brooks Aff., ¶ 18, Ex. 10.) Plaintiff also sent 90-day pre-foreclosure statements pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1304 to Vasquez at the Property via first-class mail and certified mail on March 8, 2017. (Pl. Rule 56.1 Stmt., ¶ 12; Brooks Aff., ¶¶ 19-20; Exs. 11-14.) Plaintiff timely filed the 90-day notices with the New York State Department of Financial Services on March 9, 2017. (Brooks Aff., ¶ 21; Ex. 15.) To date, Vasquez remains in default of the Mortgage and Note. (Pl. Rule 56.1 Stmt., ¶ 13; Brooks Aff., ¶ 22.)

### E. Huntington's Judgment against Vasquez

Huntington obtained a money judgment against Vasquez in connection with his conviction in the District Court of Suffolk County, Third District, Town of Huntington, in the amount of $10,000, entered by the Suffolk County Clerk's office on May 25, 2011. (Aff. Opp., Dkt. 34, ¶ 4; Dkt. 34-1; Reply, Dkt. 36, Ex. 1.)

## DISCUSSION

### I. Standard for Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine" dispute is one in which "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving

5

party bears the burden of proving that no genuine factual issues exist. *Giannullo*, 322 F.3d at 140. Once the moving party carries its initial burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts" and "must come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (internal quotations omitted; emphasis in original). A court resolving a motion for summary judgment draws all reasonable inferences and resolves all ambiguities in favor of the nonmoving party. *Anderson*, 477 U.S. at 255; *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000).

Even when a summary judgment motion is unopposed, the motion may not be granted automatically. "Such a motion may properly be granted only if the facts as to which there is no genuine dispute show that the moving party is entitled to a judgment as a matter of law." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) (internal quotations omitted) (quoting Fed. R. Civ. P. 56(c)).

II. **Analysis**

   a. **Plaintiff's *Prima Facie* Case of Foreclosure**

Under New York law, in order to establish its *prima facie* case in a mortgage foreclosure proceeding, Plaintiff must produce the "note, the mortgage, and proof of the defendant's default." *CIT Bank, N.A. v. Nwanganga*, 328 F. Supp. 3d 189, 195 (S.D.N.Y. 2018); *Gustavia Home, LLC v. Rutty*, 720 F. App'x 27, 28 (2d Cir. 2017); *U.S. Bank Nat. Ass'n v. Brjimohan*, 153 A.D.3d 1164, 1165, 62 N.Y.S.3d 43, 44–45 (1st Dep't 2017) (citing cases). Once Plaintiff establishes its *prima facie* case, it "has a presumptive right to foreclose which can only be overcome by an affirmative showing by the Mortgagor." *Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assocs.*, 139 F. Supp. 2d 462, 465–66 (S.D.N.Y. 2001); *see also U.S. Bank, N.A. v. Byrd*, 854 F. Supp. 2d 278, 284 (E.D.N.Y. 2012).

RPAPL Section 1311 provides that "every person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" shall be

made a party defendant to the foreclosure action. RPAPL § 1311(3). This rule derives from the objective of extinguishing all rights in the foreclosed property that are subordinate to the mortgage, so that complete title is vested in the purchaser at a judicial sale. *See, e.g., Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204 (FB), 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting *N.C. Venture I, L.P. v. Complete Analysis, Inc.*, 803 N.Y.S.2d 95, 98 (2d Dep't 2005)); *Polish Nat. All. of Brooklyn, U.S.A. v. White Eagle Hall Co.*, 98 A.D.2d 400, 404, 470 N.Y.S.2d 642, 646–47 (2d Dep't 1983). Plaintiff named Huntington as a defendant because it recorded a judgment of $10,000 against Vasquez in 2011. (Dkt. 34-1.)

Plaintiff has produced: (1) a copy of the Note signed by Vasquez, dated May 10, 2007; (2) a copy of the executed Mortgage, dated May 10, 2007, and recorded on May 24, 2007; (3) a copy of the executed Loan Modification, recorded on December 24, 2016; and (4) copies of the notices of default and pre-foreclosure notices sent to Vasquez on March 8, 2017. (Brooks Aff., ¶¶ 4-5; 16-20; Exs. 1-2, 9-14.) While denying that Plaintiff has established its *prima facie* case, Defendants have not produced any evidentiary support to rebut it. *See, e.g., Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 80 (E.D.N.Y. 2019). Accordingly, Plaintiff has established its *prima facie* entitlement to foreclose on the Property.

### b. Defendants' Affirmative Defenses

"Once a mortgagee's *prima facie* case is established, the mortgagor must make an affirmative showing that a defense to the action exists." *Gustavia Home*, 362 F. Supp. 3d at 80 (quoting *Builders Bank v. Charm Devs. II, LLC*, No. 09-CV-3935 (JG) (LB), 2010 WL 3463142, at *3 (E.D.N.Y. Aug. 30, 2010)). In general, with the exception of the affirmative defense that Plaintiff lacks standing, Defendants bear the burden of proving their affirmative defenses through production of admissible evidence. *OneWest Bank, N.A. v. Simon*, No. 14 CV 6622 (RJD), 2019 WL 1320275, at *6 (E.D.N.Y. Mar. 22, 2019); *Frankel v. ICD Holdings S.A.*, 930 F. Supp. 54, 65 (S.D.N.Y. 1996).

7

### 1. Vasquez

Vasquez asserted in his Answer that Plaintiff lacks standing to bring this action because it is not the holder of the Note and Mortgage, and the assignment of the Note and Mortgage was improper. (Dkt. 11, ¶¶ 4-5, 11-12.)

Plaintiff bears the burden of establishing its standing to sue. *OneWest Bank, N.A.*, 2019 WL 1320275, at *6 (quoting *Wells Fargo Bank, N.A. v. Rooney*, 132 A.D.3d 980, 981, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)). In a mortgage foreclosure action, Plaintiff must demonstrate that it is the holder or assignee of the note and mortgage at the time the foreclosure action is commenced. *CIT Bank, N.A. v. Metcalfe*, No. 15-CV-1829 (MKB) (JO), 2017 WL 3841843, at *2 (E.D.N.Y. Aug. 17, 2017), *R&R adopted*, 2017 WL 3841852 (E.D.N.Y. Sept. 1, 2017) (collecting cases); *Gustavia Home*, 362 F. Supp. 3d at 86. A mortgage may be transferred via an endorsement or an allonge. *Id.* Although the second allonge in this case is endorsed in blank, Plaintiff presented documentary evidence and sworn testimony from the Assistant Secretary of LoanCare, LLC, the subservicer and attorney-in-fact for Plaintiff, that it obtained possession of the Note and Mortgage through valid assignment prior to commencement of the lawsuit. (Pl. Rule 56.1 Stmt., ¶ 9; Brooks Aff., ¶¶ 1, 4-15, 24-25; Exs. 1-8, 16.) *See Wells Fargo Bank, N.A. v. Ullah*, No. 13-CV-485 (JPO), 2015 WL 3735230, at *5 (S.D.N.Y. June 15, 2015) ("Physical possession of a note is sufficient to establish standing where there is an indorsement in blank on the face of the Note.") (citation and quotations omitted); *Aurora Loan Servs., LLC v. Taylor*, 25 N.Y.3d 355, 360–61, 34 N.E.3d 363, 365–66 (2015) (affirming summary judgment in favor of Plaintiff where Plaintiff established standing by presenting sworn testimony that it possessed the note prior to commencing the foreclosure action). Plaintiff also produced documentation demonstrating that the assignment of the Mortgage and Note was duly recorded in the Suffolk County Clerk's Office in 2012. (Brooks Aff., Ex. 6.) Plaintiff has therefore established its standing.

8

Vasquez has not opposed Plaintiff's motion or provided any evidentiary support for the affirmative defenses contained in his Answer. Without providing such support, his affirmative defenses are insufficient as a matter of law to preclude summary judgment in favor of Plaintiff. *See, e.g., E. Sav. Bank, FSB v. Ferro*, No. 13-CV-5882 (SJF) (GRB), 2015 WL 778345, at \*6 (E.D.N.Y. Feb. 24, 2015) (granting summary judgment in mortgage foreclosure action where defendant did not oppose the motion and provided no evidentiary support for his affirmative defenses); *Frankel*, 930 F. Supp. at 64–65; *see also Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446–47 (2d Cir. 1985) ("the mere possibility that a factual dispute *may* exist, without more, is not sufficient to overcome a convincing presentation by the moving party.") (emphasis in original) (quoting *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980)). The undersigned therefore recommends that summary judgment be granted in favor of Plaintiff as to Vasquez.

**2. Huntington**

Huntington asserted two affirmative defenses in its Answer – failure to state a claim and lack of capacity – but did not provide evidentiary support for either of them in its Opposition to the Motion or elsewhere in the record. (Dkt. 23, ¶¶ 5-6; Dkt. 34.) Without such evidence, these assertions are not sufficient to rebut Plaintiff's *prima facie* case, and summary judgment is appropriate.[3]

In its Opposition to the Motion, Huntington states that it opposes the Motion "only to the extent that we request that this Court determine the priority of the claim by the Defendant Town Supervisor of the Town of Huntington with regard to the Judgment of Record." (Dkt. 34, ¶¶ 2, 4.)

---

[3] Moreover, since the undersigned finds that Plaintiff has established its *prima facie* case of foreclosure, the first defense lacks merit. The defense of lack of capacity "concerns a litigant's power to appear and bring its grievance before the court," *i.e.*, in order to have the legal capacity to sue or defend itself from suit, artificial entities like Plaintiff must be accorded capacity by statute. *Cmty. Bd. 7 of Borough of Manhattan v. Schaffer*, 84 N.Y.2d 148, 155, 639 N.E.2d 1 (1994). Since Huntington has not provided any basis to challenge Plaintiff's legal capacity to bring this case, the undersigned finds none.

9

Huntington recorded a money judgment against Vasquez for $10,000 on May 25, 2011. (Dkt. 34-1.) As Plaintiff has established, the Mortgage was recorded on May 24, 2007. (Brooks Aff., ¶ 5, Ex. 2.) In New York, a mortgage is a "specific lien on the land" and is "superior to the claims of subsequent judgment creditors." *Sav. & Loan Ass'n of Kingston v. Berberich*, 24 A.D.2d 187, 189, 264 N.Y.S.2d 989, 991 (3d Dep't 1965) (internal quotations and citations omitted); *see also In re Cohen*, 63 B.R. 104, 106-07 (Bankr. E.D.N.Y. 1986). Huntington's interest in the Property is therefore subordinate to Plaintiff's. In the event that a foreclosure sale provides a surplus, Huntington will have an opportunity to apply for surplus moneys pursuant to RPAPL Section 1361. *See, e.g., Courchevel 1850 LLC v. Donaldson*, No. 16-CV-6803 (RRM) (CLP), 2018 WL 1830809, at *5 (E.D.N.Y. Feb. 1, 2018), *R&R adopted*, 2018 WL 5777018 (E.D.N.Y. Nov. 1, 2018); *3301 Atl., LLC*, 2012 WL 2529196, at *15.

### c. Appointment of a Referee or Special Master to Compute

Plaintiff requests that the Court appoint a special master or remand to the undersigned to determine the amount Vasquez owes under the Note and Mortgage, and whether the Property can be sold in one parcel pursuant to Federal Rule of Civil Procedure 53. (*See* Plaintiff's Notice of Motion, Dkt. 33-1.) The undersigned respectfully recommends that the Court grant the request to appoint a special master, and direct Plaintiff to submit the names, addresses, and telephone numbers of three individuals who are qualified and willing to act as a receiver for selling the Property, along with their proposed fee schedules and an explanation therefor. *Metcalfe*, 2017 WL 3841852, at *2; *Ullah*, 2015 WL 3735230, at *10.

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that the Motion for Summary Judgment and Appointment of a Referee to Compute be granted.

Any objection to this Report and Recommendation must be filed in writing with the Clerk of

Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any just objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         August 19, 2019