UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

CIT BANK, N.A.,

                                    Plaintiff,

v.

JOSE M. VASQUEZ a/k/a JOSE VASQUEZ,
and TOWN SUPERVISOR TOWN OF
HUNTINGTON,

                                    Defendants.

**ORDER**
17-CV-04654 (MKB) (PK)

-------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff CIT Bank, N.A. commenced the above-captioned foreclosure action on August 8, 2017 against Jose M. Vasquez a/k/a Jose Vasquez, and the Town Supervisor of the Town of Huntington. (Compl., Docket Entry No. 1.) Plaintiff seeks to foreclose on a mortgage-encumbered property located at 163 First Avenue, Huntington Station, New York (the "Property"). (*Id*.) On June 7, 2018, Plaintiff filed an Amended Complaint. (Am. Compl., Docket Entry No. 21.) On September 17, 2018, Plaintiff filed a motion for summary judgment against all Defendants seeking foreclosure and appointment of a referee or special master to compute the amount due Plaintiff under the mortgage and to examine and report whether the Property can be sold as one parcel pursuant to Rule 53 of the Federal Rules of Civil Procedure. (Pl. Mot. for Summ. J. ("Pl. Mot."), Docket Entry No. 33.) On April 11, 2019, the Court referred Plaintiff's motion to Magistrate Judge Peggy Kuo for a report and recommendation. (Order dated Apr. 11, 2019.)

      By report and recommendation dated August 19, 2019, Judge Kuo recommended that the Court grant Plaintiff's motion for summary judgment and appointment of a referee or special master to compute ("R&R"). (R&R, Docket Entry No. 38.) No party has objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections. *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district court" (citations omitted)); *see* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations." (emphasis added)); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court grants (1) Plaintiff's motion for summary judgment, and (2) Plaintiff's request to appoint a special master. In accordance with the R&R, Plaintiff is directed to submit the names, addresses, and telephone

numbers of three individuals who are qualified and willing to act as a receiver for selling the Property, along with their proposed fee schedules and an explanation therefor.

Dated: September 16, 2019
      Brooklyn, New York

                                  SO ORDERED:

                                    _s/ MKB_____
                                  MARGO K. BRODIE
                                  United States District Judge