UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
CIT BANK, N.A.,
                    Plaintiff,

             -against-

JOSE M. VASQUEZ a/k/a JOSE VASQUEZ,
TOWN SUPERVISOR TOWN OF
HUNTINGTON,

                  Defendants.
-------------------------------------------------------------- x

**REPORT & RECOMMENDATION**

1:17-CV-04654 (MKB)(PK)

**Peggy Kuo, United States Magistrate Judge:**

      On September 16, 2019, the Court granted summary judgment in favor of CIT Bank, N.A., ("Plaintiff") in its action pursuant to the New York Real Property Actions and Proceedings Law ("NY RPAPL") to foreclose a mortgage ("Mortgage") on the property located at 163 1st Avenue, Huntington Station, New York (the "Property") against Jose M. Vasquez a/k/a Jose Vasquez, the owner of the Property, and Town Supervisor Town of Huntington ("Huntington," and collectively, "Defendants"). (Order dated Sept. 16, 2019, Dkt. 39.) It also granted Plaintiff's request to appoint a special master to compute the amount due Plaintiff under the mortgage and to examine and report whether the Property can be sold as one parcel. (*Id.*)

      Plaintiff has now filed a Motion to Confirm the Special Master's Report and for Judgment of Foreclosure and Sale. ("Motion," Dkt. 55.) The Honorable Margo K. Brodie referred the Motion to the undersigned for a Report and Recommendation. (Order dated Sept. 16, 2021.) For the reasons set forth below, the undersigned respectfully recommends that the Motion be granted.

**BACKGROUND**

The foreclosure in this action involved the Mortgage, which secures repayment of a Note, both dated May 10, 2007, and which were modified on August 1, 2016 through the Home Affordable Modification Agreement (the "Loan Modification Agreement") with a new principal balance of $421,094.09 at an interest rate of 3.25% and a maturity date of July 1, 2056. (Report and Recommendation on Plaintiff's Motion for Summary Judgment ("R&R"), Dkt. 38 at 3.)

On October 18, 2019, the Court appointed Robert A. Abrams, Esq. as the Special Master. In his report dated August 11, 2020, the Special Master ascertained and computed the principal, interest, and all other charges accrued pursuant to the Note, Mortgage, and Loan Modification Agreement and found that, as of June 16, 2020, Plaintiff is due $506,578.80. (Report of Special Master/Referee for Amount Due ("Special Master's Report") ¶ 3, Dkt. 55-5 at 2-6 (page numbers refer to ECF pagination).) He also found that the Mortgaged Property, consisting of a single-family home on a single lot, should be sold in one parcel. (Special Master's Report ¶ 7.) No objection has been made to the Special Master's Report. (Affirmation of Michael P. Amodio ("Amodio Aff.") ¶¶ 13, 15, Dkt. 55-1.)

On September 16, 2021, Plaintiff filed the Motion, requesting that the Court confirm the Special Master's Report, enter a judgment of foreclosure and sale pursuant to NY RPAPL § 1351, and direct the distribution of the sale proceeds pursuant to NY RPAPL § 1354. (Motion at 1.) Specifically, Plaintiff proposes that the Court enter a judgment of foreclosure and sale in the amount of $506,578.80, as computed by the Special Master; enter a judgment determining that the lien of Town Supervisor Town of Huntington is subordinate to the mortgage lien of Plaintiff; and order that the Mortgaged Property be sold in one parcel at public auction under the direction of a referee within 90

days of the date the Court's judgment is docketed with the Suffolk County Clerk. (Proposed Judgment of Foreclosure and Sale ("Proposed Judgment") at 2-3, Ex. 10 to Motion, Dkt. 55-10.)[1]

Defendants did not file an opposition to the Motion or otherwise respond.

## DISCUSSION

### I.  Adoption of the Special Master's Report

In acting on a special master's report, the Court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). Before doing so, the Court must "give the parties notice and an opportunity to be heard." *Id.* If there are any objections to the Special Master's findings of fact and conclusions of law, the Court must review them *de novo*, unless the parties stipulated otherwise. Fed. R. Civ. P. 53(f)(3)-(4). *See Peterson v. Islamic Republic of Iran,* 10-CV-4518(KBF), 2018 WL 3019879, *2 (S.D.N.Y. June 18, 2018).

Before issuing his report, the Special Master notified the parties of a hearing date and provided a proposed copy of the report. (Special Master's Report ¶ 2.) In response, "[n]o party has set forth any opposition to the report, and no party has indicated its desire to participate in any hearing." (*Id.*) There are, therefore, no objections for the Court to review.

The Special Master considered the real estate taxes paid by Plaintiff in 2016, 2017, 2018, 2019 and 2020; insurance payments made in 2017, 2018 and 2019; foreclosure costs paid in 2016, 2017, 2018, and 2020; property inspection costs paid in 2017, 2018, 2019 and 2020; and property preservation costs paid in 2018 and 2019. (Schedule B to Special Master's Report ("Statement of Computation," Dkt. 55-5 at 6.) In addition, he stated that the interest due from January 1, 2017

---

[1] In the Motion, Plaintiff also requested an award of attorneys' fees in the amount of $17,977.50, comprised of $16,377.50 for the work of prior counsel and $1,600.00 for current counsel. (*See* Amodio Aff. ¶¶ 17-19.) On January 25, 2022 and March 11, 2022, in response to the Court's requests for supplemental information, Plaintiff filed letters waiving its request for all attorneys' fees. (Dkts. 56, 57).

through June 16, 2020 at the rate of 3.250% is $33,114.52. (*Id.* at 6). These amounts were added to the principal balance of $419,376.12 to arrive a total amount due of $506,578.80. (*Id.*)

There are several mathematical errors apparent on the face of the Special Master's Report.

The amount of interest which the Special Master indicates was calculated as of June 16, 2020 is the same as that stated in the Affidavit of Rushmore Loan Management Services LLC attached to the Special Master's Report, which was calculated as of June 8, 2020 ("Rushmore Aff." ¶ 13, Dkt. 55-5 at 7). More significantly, interest on the principal balance of $419,376.12 at an annual rate of 3.250% ($37.34 per day) from January 1, 2017 to June 16, 2020 (1263 days) is $47,160.42. However, because Plaintiff has not objected to the lower amount of $33,114.52 that is stated in the Special Master's Report, the undersigned adopts that as the amount of interest due as of June 16, 2020.

The Rushmore Affidavit also incorrectly indicates a sum of $19,443,75 for "Corporate Advances." (Rushmore Aff. ¶ 13.) When the listed itemized amounts are added up, the total should be $19,743.75. The incorrect sum is repeated in the Special Master's Report. (*See* Statement of Computation.) After subtracting the attorneys' fees, which the Special Master acknowledged he was not authorized to review, the amount for "Corporate Advances" should be $2,268.25, and the total amount due to Plaintiff should be $506,878.80, not $506,578.80 as stated in the Special Master's Report. However, the undersigned accepts the amount stated in the Special Master's Report because it cannot ascertain whether all the itemized amounts are correct, or whether one or more of the itemized amounts were misstated and the total is actually correct. In any event, Plaintiff has not objected to this lower amount.

Despite these calculation errors, because neither party has objected and the amounts requested are lower than what Plaintiff appears to be properly owed, the undersigned respectfully recommends that the Court adopt the Special Master's Report in its entirety.

4

Plaintiff requests that additional interest be awarded on the full amount owed, from June 17, 2020 to the date of entry of judgment. (Proposed Judgment at 2 (requesting "$506,578.80 with interest thereon at the note rate from June 16, 2020 until the date of entry of this Judgment.") Plaintiff has not shown a basis for awarding interest on any amounts other than the unpaid principal. Accordingly, the undersigned respectfully recommends that interest be awarded at the note rate of 3.250% on the unpaid principal amount of $419, 376.12, that is, a daily rate of $37.34, from June 16, 2020 until the date judgment is entered.

II. **Federal Rule of Civil Procedure Rule 54(b)**

Although Plaintiff requests that the Court enter an order pursuant to Fed. R. Civ. P. 54(b), entry of an order under this Rule is unnecessary. Rule 54(b) provides that where "an action presents more than one claim for relief…or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

Here, there is no need for entry of a judgment under this Rule because the Court granted summary judgment in favor of Plaintiff as to both Defendants Vasquez and Huntington. (*See* R&R at 9-10 ("Huntington's interest in the Property is therefore subordinate to Plaintiff's. In the event that a foreclosure sale provides a surplus, Huntington will have an opportunity to apply for surplus moneys pursuant to RPAPL Section 1361").) Consistent with the decision granting summary judgment, Plaintiff also requests entry of judgment determining that the lien of Huntington "is subordinate to the mortgage lien of the Plaintiff." (Proposed Judgment at 2.)

The undersigned respectfully recommends that entry of an order under Rule 54(b) be denied and that the Court enter judgment determining that the lien of Huntington is subordinate to the mortgage lien of Plaintiff.

### III. The Proposed Judgment of Foreclosure and Sale

The Proposed Judgment of Foreclosure and Sale currently has blank spaces for the name of the referee (Proposed Judgment at 2) and the location of public notice of the time and place of sale (*Id.* at 3). It also does not include the "name and telephone number of the mortgage servicer," as required by NY RPAPL § 1351. The undersigned therefore respectfully recommends that Plaintiff be granted leave to resubmit the Proposed Judgment of Foreclosure and Sale, with revisions consistent with this Report and Recommendation, and providing this additional information.

### CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the Court grant the Motion as follows: adopt the findings in the Special Master's Report, enter a Judgment of Foreclosure and Sale against Defendant Jose M. Vasquez a/k/a Jose Vasquez in the amount of $506,578.80 with additional interest on the outstanding principal balance calculated at a per diem rate of $37.34 from June 16, 2020 until the date of entry of judgment, enter a judgment that the lien of Huntington is subordinate to the mortgage lien of Plaintiff, and order that the Property be sold in one parcel at public auction under the direction of a referee within 90 days of the date the Court's judgment is docketed with the Suffolk County Clerk. The undersigned also respectfully recommends that Plaintiff be granted leave to resubmit the Proposed Judgment of Foreclosure and Sale, with revisions and additional information.

Plaintiff is directed to serve this Report and Recommendation on Defendants forthwith and file proof of service on the docket by March 15, 2022.

Any objection to this Report must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
March 14, 2022