UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

CIT BANK, N.A.,

                        Plaintiff,

      v.

JOSE M. VASQUEZ a/k/a JOSE VASQUEZ and
TOWN SUPERVISOR TOWN OF HUNTINGTON,

                        Defendants.

**ORDER**
17-CV-4654 (MKB) (PK)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff CIT Bank, N.A., commenced the above-captioned action against Defendants Jose M. Vasquez and the Town Supervisor of the Town of Huntington on August 8, 2017. (Compl., Docket Entry No. 1.) In its Amended Complaint, filed June 7, 2018, Plaintiff alleged that Vasquez had failed to make his mortgage payments and had defaulted on his mortgage. (Am. Compl. ¶¶ 23–28, Docket Entry No. 21.) Plaintiff elected to "declare the entire balance of the principal indebtedness and all interest and other charges . . . immediately due and payable." (*Id.* ¶ 29.) After the appointment of a special master to compute the fees and expenses due to Plaintiff under the foreclosed mortgage, (Order dated Oct. 18, 2019), Plaintiff moved the Court to confirm the special master's report, grant a judgment of foreclosure and sale, and direct the distribution of the sale proceeds, (Pl.'s Mot. for Entry of J., Docket Entry No. 55), and the Court referred the motion to Magistrate Judge Peggy Kuo for a report and recommendation, (Order Referring Mot. dated Sept. 16, 2021).

      By report and recommendation dated March 14, 2022, Judge Kuo recommended that the Court grant Plaintiff's motion (the "R&R"). (R&R, Docket Entry No. 58.) Judge Kuo

recommended that the Court (1) adopt the findings in the special master's report; (2) enter a judgment of foreclosure and sale against Vasquez in the amount of $506,578.80, with additional interest on the outstanding principal balance calculated at a per diem rate of $37.34 from June 16, 2020, until the date of entry of judgment; (3) enter a judgment that the lien of the Town of Huntington is subordinate to Plaintiff's mortgage lien, but deny the entry of an order under Rule 54(b) of the Federal Rules of Civil Procedure; (4) order that the property be sold in one parcel at public auction under the direction of a referee within ninety days from the date that the Court's judgment is docketed with the Suffolk County Clerk; and (5) grant Plaintiff leave to submit the proposed judgment of foreclosure and sale with revisions and additional information as set forth in the R&R.  (*Id.* at 5–6.)

No objections to the R&R have been filed and the time for doing so has passed.

I. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and

2

recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court adopts the R&R and, consistent with Judge Kuo's decision in the R&R: (1) adopts the findings in the special master's report; (2) enters judgment against Vasquez in the amount of $506,578.80 with additional interest on the outstanding principal balance calculated at a per diem rate of $37.34 from June 16, 2020, until the date of entry of judgment; (3) enters a judgment that the lien of the Town of Huntington is subordinate to Plaintiff's mortgage lien, but denies the entry of an order under Rule 54(b) of the Federal Rules of Civil Procedure; (4) orders that the property be sold in one parcel at public auction under the direction of a referee within ninety days from the date that the Court's judgment is docketed with the

3

Suffolk County Clerk; and (5) grants Plaintiff leave to submit the proposed judgment of foreclosure and sale with revisions and additional information as set forth in Judge Kuo's report and recommendation.  (R&R 5–6.)

Dated: March 31, 2022
      Brooklyn, New York

                                          SO ORDERED:

                                            _____s/ MKB_____
                                            MARGO K. BRODIE
                                            United States District Judge